ROBERT FERGUSON v. LAURENT MILLAUDON.

Damages will not be allowed for delay when no time was specified in the contract within which the
work was to be completed.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
 *Duncan & McConnell*, for plaintiff. *Benjamin, Bradford & Finney*, for
defendant and appellant.

SPOFFORD, J. The plaintiff sues for the price of four boilers manufactured
by him for the front plantation of the defendant in the fall of 1854.

The answer is a demand in reconvention for a very large amount of damages
alleged to have been sustained in the loss of a portion of a sugar crop that
year, by reason of delay in the delivery of the boilers and their bad construc-
tion.

The value of the materials and workmanship (supposing the work to be good
work) are established.

The only controversy springs out of the reconventional demand.

We do not find that the plaintiff is liable for damages in consequence of
delay. No time was specified in the contract within which the boilers were to
be completed. The defendant alleges that the contract was made on the 13th
August, a very late period. He took upon himself to deliver to the plaintiff
some of the materials of his old boilers to be incorporated into the new ones.
This was not done until the 21st of August. The plaintiff objected that it was
late in the season to undertake such a job, but the defendant insisted on his
doing so, and seems to have been cognizant of the impossibility of completing
the work by the time he now contends it should have been done. And we think
the correspondence of *Millaudon* with the plaintiff shows that there was no
violation of even an implied contract as to the *time* of finishing this job. His
complaints at the time were confined to the quality of the work.

That was unquestionably defective. But as the boilers, though leaky, made
steam enough to run the engines used by the defendant, we do not think that
the loss of a portion of the crop was attributable to the defective work of the
boilers. At any rate, no such precise data are given in evidence as would en-
able the court to say that any particular sum was lost to the defendant by
reason of the bad workmanship of the boilers, save that which he spent for
their repairs. It seems from the correspondence between the parties, that the
plaintiff was to put them in good order if they did not work well during the
first season, when they were obliged to be used. He failed to do so. The de-
fendant employed a competent mechanic to do this work at the price of twelve
hundred dollars. We see no reason why this sum should not be deducted from
the plaintiff's demand, instead of six hundred dollars which the District Judge
allowed, because one or two of the witnesses thought the repairs might have
been done for that sum.

It is, therefore, ordered that the judgment of the District Court be reversed;
and it is now ordered, adjudged and decreed, that the plaintiff recover of the de-
fendant the sum of two thousand and one dollars and fifty-six cents, with legal
interest from the 26th December, 1854, until paid, that being the balance due
the plaintiff, after deducting from his demand so much of the defendant's claim

in reconvention, as should have been allowed in the court below; it is further adjudged and decreed, that the defendant pay the costs incurred in the District Court, and the plaintiff those of this appeal.